IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James Charles Calwile, # 299166,  )<br>  )<br>  )       Petitioner,  )<br>  )<br>vs.  )<br>  )<br>R. H. Mauney,  )<br>  )<br>  )<br>  )       Respondent.  )<br>_____ ) | Civil Action No. 6:15-2089-TMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

        This is an action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. The petitioner is a state prisoner. The respondent is the Warden of the Livesay Correctional Institution. In the above-captioned case, the petitioner is challenging his conviction for first degree burglary entered in Case No. 2002-GS-23-00887.

        The petitioner has not answered Questions 6, 7, 8, 9, 10, 11, and their subparts of the Section 2254 petition. The petitioner raises one ground in the petition: "The June 21 2002 order of search and seizure issued by Judge Few is in violation of Due Process 5th and 14th amendment issued without Statements of Facts" (doc. 1 at 5). The petitioner also alleges: (1) the Notice and Motion of June 13, 2002, and the order of June 21, 2002, bear no file number (*id.*); (2) the petitioner had no pending criminal charges in the Court of General Sessions at the time "this order" was supposedly issued (*id.*); (3) the order was issued before the arrest or indictment and was not entered in the record of the court (*id.* (4) "'No File number' 'Sham'" (*id.*); and (5) the order of June 21, 2002, to take blood samples and palm impressions is void on its face because no sworn statements of facts appear in the record (*id.*). The petitioner reiterates these issues in his handwritten

brief (doc. 1-1 at 1–5). In his prayer for relief, the petitioner seeks a court order voiding the order of June 21, 2002, and the sentence entered in his criminal case (doc. 1 at 15).

Appended to the petition is the motion by the Assistant Solicitor for a blood sample and palm impression, which was dated and signed on June 12, 2002 (doc. 1-2). The document bears a case number ("CASE # 02-003800") on the left side of the caption (*id.*). Judge Few's order of June 21, 2002, which also bears the same case number, directed the petitioner to submit to having blood drawn and to have palm impressions taken by competent forensics personnel (doc. 1-3). Also included as exhibits are the arrest warrant dated June 3, 2002, and bearing case number 02-3800-F and warrant number F-856239 (doc. 1-4); the indictment (for first-degree burglary) dated October 29, 2002 (doc. 1-5); a copy of a letter dated October 14, 2005, from the Deputy Clerk of the Supreme Court of South Carolina to the Clerk of Court for Greenville County (doc. 1-6); and what appears to be an order issued by the Supreme Court of South Carolina (in the petitioner's post-conviction case) denying the petitioner's request for a transcript of the hearing held before Judge Few on June 21, 2002 (doc. 1-7).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion for leave to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the section 2254 petition is subject to summary dismissal because it is a successive petition.

With respect to his conviction, the petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picardy v. Connor*,

404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion required under 28 U.S.C. § 2241).  Although the petitioner appears to have exhausted his state court remedies, he has, in the case at bar, submitted a successive habeas corpus petition.

On September 14, 2007, the petitioner submitted a Section 2254 habeas corpus petition in *Calwile v. Dazzle*, Civil Action No. 6:07-3100-HMH-WMC, to challenge his conviction for first degree burglary entered in Case No. 2002-GS-23-00887 in the Court of General Sessions for Greenville County. Magistrate Judge Catoe on January 25, 2008, issued a *Roseboro* order to apprise the petitioner of dispositive motion procedure.  *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).  The petitioner responded to the *Roseboro* order on February 25, 2008.     In a report and recommendation filed in Civil Action 6:08-2286-HMH-WMC on February 27, 2008, Magistrate Judge Catoe recommended that the respondent's motion for summary judgment be granted.  The parties in that case were apprised of their right to file objections to the report and recommendation and of the serious consequences of a failure to do so.  The petitioner filed objections on May 16, 2008.

In an order filed in Civil Action No. 6:07-3100-HMH-WMC on May 19, 2008, the Honorable Henry M. Herlong, Jr., United States District Judge, adopted the report and recommendation and granted summary judgment to the respondent.  In his order, Judge Herlong noted that the petitioner had failed to file specific objections (doc. 23 in Civil Action No. 6:07-3100-HMH-WMC).

The petitioner appealed and on October 28, 2008, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. *See Calwile v. Dazzle*, No. 08-6978, 297 F. App'x 261 (4th Cir. Oct. 28, 2008) (*per curiam*).

The standard for determining whether a petition is successive appears in *Slack v. McDonnell*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits); *see also Tyler v. Cain*, 533 U.S. 656

(2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 6:07-3100-HMH-WMC was decided by summary judgment, the Section 2254 petition in the above-captioned case is successive.

This court may take judicial notice of Civil Action No. 6:07-3100-HMH-WMC. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954). Also, the successiveness of a habeas petition may be raised by a district court *sua sponte*. *See Latimer v. Warden,* No. 6:10-721-JFA-WMC, 2010 WL 2720964, at *2 (D.S.C. Apr. 14, 2010) ("The issue of successiveness of a habeas petition may be raised by the court *sua sponte*."), *adopted by* 2010 WL 2720912 (D.S.C. July 8, 2010).

When a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."

In any event, there is no indication in the present petition that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file a successive Section 2254 petition challenging his conviction. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."). Before the

4

petitioner attempts to file another habeas petition in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F.3d 277, 281–84 (4th Cir. 2003).

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice* and without requiring the respondent to file an Answer or return because the petition is successive.  *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").  It is also recommended that the district court deny a certificate of appealability.  The petitioner's attention is directed to the important notice on the next page.

June 1, 2015
Greenville, South Carolina

s/Kevin McDonald
Kevin F. McDonald
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).