IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James Charles Calwile, # 299166, | ) | |
| | ) | Civil Action No. 6:15-2089-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| R.H. Mauney, | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Petitioner's petition be dismissed without prejudice and without requiring Respondent to file an answer or return. (ECF No. 7). Petitioner was advised of his right to file objections to the Report. (ECF No. 7 at 6). Petitioner filed timely objections. (ECF No. 11). Petitioner also filed a motion for certificate of appealability. (ECF No. 12).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Report recommends dismissing the petition without prejudice and without requiring Respondent to file a return, concluding that the petition was successive and that Petitioner failed to obtain authorization from the Fourth Circuit. In his objections, Petitioner does not contend that he sought authorization from the Fourth Circuit before filing his petition. *See* (ECF No. 11). Instead, Petitioner's objections state that an order mentioned in the background portion of the Report "certainly did" come from the South Carolina Supreme Court, which is an objection to clarify the statement in the Report that the order "appears" to be issued by the Supreme Court. (ECF No. 11 at 2). Petitioner also discusses other factual background issues; none of which address whether his petition is successive. (ECF No. 11 at 1).

Therefore, after thoroughly reviewing the Report and Petitioner's objections, the court finds no reason to deviate from the Report's recommended disposition. Accordingly, the court adopts the Report (ECF No. 7), and this habeas petition is **DISMISSED** without prejudice and without requiring Respondent to file a return.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that her constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, Petitioner's motion for a certificate of appealability (ECF No. 12) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

July 6, 2015
Anderson, South Carolina